Amelie M. Staff v. Commissioner.
Staff v. Commissioner
Docket No. 3218.
United States Tax Court
1944 Tax Ct. Memo LEXIS 59; 3 T.C.M. (CCH) 1149; T.C.M. (RIA) 44348; October 31, 1944
*59 J. H. Amick, C.P.A., 809 Majestic Bldg., Detroit, Mich., for the petitioner. Paul A. Sebastian, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in income tax for 1941 in the amount of $385.11, only a portion of which is in controversy. The question in issue is whether certain profits realized by the taxpayer from the sale of property were profits from the sale of capital assets, only a portion of which is includable in gross income, or whether the entire amount is taxable as ordinary income. The facts have been stipulated and we adopt the stipulation as our findings of fact. [The Facts] The petitioner, the wife of Charles Staff, is a resident of Michigan. She filed a separate income tax return from that of her husband for 1941 with the collector of internal revenue at Detroit. In such return she reported profits from the sale of real estate in 1941 and from collections made during that year upon the sale of property on the installment basis as gains from the sale of capital assets. The total amount of the profit was $4,403.17, only $2,180.77 of which was included in the gross income. In the determination *60 of the deficiency the respondent held that the entire amount was includable in gross income as ordinary income. In 1912 petitioner and her husband purchased a tract of land containing approximately 5 acres upon which was a dwelling, an orchard, and some out-buildings in the Village of Pleasant Ridge, Oakland County, Michigan. The community in which the above-mentioned property was located developed into a residential section subsequent to 1912 and by 1928 all land in the vicinity, with the exception of 2 or 3 acres immediately adjoining the property above described, had been subdivided and sold. In 1928 the petitioner decided to subdivide the 5 acres above referred to. Before doing so, however, petitioner acquired 3 acres adjoining the property. The petitioner had a plat made of the properties and had the same approved by the local authorities. A new street known as Elm Park Avenue was provided for in the plat. This street ran through the center of the subdivided land. The original 5 acres were divided into lots numbered 1 to 11, inclusive, and the acreage acquired in 1928 was subdivided into lots numbered 12 to 26, inclusive. The petitioner had water, sewers, and sidewalks installed *61 in all of the subdivision, this work being done by the Village of Pleasant Ridge. All expenses in connection with these installations were paid by the petitioner. Some time prior to the making of these improvements the petitioner entered into an agreement with her husband whereby he surrendered all his right, title and interest in and to the jointly owned property comprising lots 3 to 11, inclusive, and that portion occupied by Elm Park Avenue in consideration of the petitioner's promise to make all the street improvements on Elm Park Avenue lying in front of lots 1, 2 and 27. Due to the depressed condition of the real estate market only a few lots were sold in the subdivided tract prior to 1941. In 1930 two vacant lots were sold. In 1941 three houses were constructed and sold, together with the lots on which they stood, and also one vacant lot. At the close of 1941 petitioner still owned outright 10 1/2 lots and owned jointly with her husband an interest in three other lots 1, 2 and 27. The houses and lots sold and held for sale were handled by Thomas R. Sharp & Sons, builders, contractors and realtors, whom petitioner hired for that purpose. The houses built upon the petitioner's *62 lots were also constructed by the same concern. Petitioner paid all building costs and the contractor received a $500 building fee for each house built. Most of the properties were sold upon land contracts but in some instances the petitioner was able to get F.H.A. loans. No depreciation on any of the houses sold was ever taken or claimed on any of the income tax returns filed by the petitioner. The question presented is whether the gains made by the petitioner upon the sales in 1941, and upon collections of installment payments in 1941 from sales made prior to the taxable year, were capital gains, only a portion of which is to be included in gross income. Section 117 (a) (1) provides that the term "capital asset" does not include property held by a taxpayer primarily for sale to customers in the ordinary course of his trade or business. It is the contention of the petitioner that she was not engaged in the real estate business; that she was a housewife who carried on no trade or business. Although the operations of the petitioner in the real estate business were not extensive, we think that the stipulated facts show that her real estate was held primarily for sale to customers *63 and that she must be regarded as carrying on a business. Furthermore, it is to be noted that most of the profit realized in 1941 was from the sale of the three houses which she had constructed in that year. In our opinion the facts in this case are within the ambit of the following cases: ; certiorari denied ; ; certiorari denied ; ; ; . Decision will be entered for the respondent.